UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

April 20, 2012

Timothy E. Mering, Esq.
Mering & Schlitz, LLC
343 N. Charles Street, 3rd Fl.
Baltimore, MD 21201

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Donna Jean Johnson v. Michael J. Astrue, Commissioner of Social Security, PWG-09-3284**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Johnson's claim for Supplemental Security Income ("SSI").(ECF Nos. 8,14,21). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.   For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Ms. Donna Jean Johnson (sometimes referred to as "Ms. Johnson," "Plaintiff", or "Claimant") filed an application for SSI on January 25, 2006, alleging that she was disabled due to a bipolar disorder, schizophrenia, depression, rheumatoid arthritis, borderline intellectual functioning ("BIF"), and degenerative disc disease of the lumbar spine. (Tr. 15, 62). Her claim was denied initially and upon reconsideration. (Tr. 31-33). A hearing was held before Robert W. Young, Administrative Law Judge, ("ALJ") on July 28, 2008. The ALJ denied Ms. Johnson's claim in a decision dated March 4, 2009, concluding at step one of the sequential evaluation that Claimant had not engaged in substantial gainful activity ("SGA")

since her alleged disability onset date. At steps two and three the ALJ found that Claimant's affective disorder, degenerative disc disease and polysubstance abuse disorder all were "severe" impairments, and when considered in combination, they met Listings 12.04 and 12.09.

The ALJ also found that, provided Claimant stopped substance abuse, her remaining limitations would cause more than a minimal impact on ability to perform work activity, but that they no longer would meet, or medically, equal a listing. The ALJ found Claimant retained the RFC to perform a range of light work. (Tr. 18). Based on Ms. Johnson's RFC, and after receiving testimony from a vocational expert ("VE"), the ALJ found although she was precluded from performing any past relevant work ("PRW"), there was work available in the local and national economies that she could perform such as a mail sorter, a handpacker, and general office clerk. (Tr. 23). Accordingly, the ALJ found that Ms. Johnson was not disabled. (Tr. 13-23). On October 19, 2009, the Appeals Council denied Ms. Johnson's request for review, making her case ready for judicial review. (Tr. 5-8).

Ms. Johnson presents several arguments in support of her contention that the Commissioner's final decision should be reversed, or in the alternative, remanded. For the reasons that follow, I find the ALJ's decision is not supported by substantial evidence and therefore a remand for further proceedings is necessary.

Claimant's primary argument is that the ALJ erred at step two. Specifically, she contends that the ALJ failed to discuss all of the relevant medical evidence regarding her rheumatoid arthritis and borderline intellectual functioning ("BIF")in determining what "severe" impairments she had. At step two, the ALJ found:

> "[T]he claimant has the following severe combination of impairments: an affective disorder, degenerative disc disease of the lumbar spine, and substance abuse disorder.(Finding of Fact No. 2, Tr. 15).

The Commissioner acknowledges that the ALJ failed to discuss Claimant's rheumatoid arthritis and BIF at step two, but contends the error was harmless since the ALJ properly considered these impairments in determining Claimant's RFC. *See* Def. Mem., pp. 17-22. After careful review of the record, it is evident that the

ALJ's discussion and analysis failed to recognize these additional impairments and their resulting limitations on claimant's ability to perform work. This error warrants a remand.

A state agency consulting source diagnosed Ms. Johnson with rheumatoid arthritis. Dr. Djorde Gikic stated that Ms. Johnson suffered from pain in her knees, legs, and ankles due to rheumatoid arthritis. The doctor also noted the presence of an inflammatory process in Ms. Johnson's joints as well as puffiness and tenderness of her ankles. (Tr. 209). When discussing Dr. Gikic's report however, the ALJ inaccurately stated that Dr. Gikic noted that Ms. Johnson "alleged" a diagnosis of rheumatoid arthritis, and noted that Ms. Johnson had a full range of motion in her joints. (Cf. Tr. 19-20, 209). The ALJ's characterization of Dr. Gikic's report is inaccurate and omits specific factual findings that support a finding that Claimant has rheumatoid arthritis.

With respect to Claimant's borderline intellectual functioning, Dr. Shabse Kurland administered the Weschler Adult Intelligence Scale III test to her on June 15, 2006. Dr. Kurland concluded that Ms. Johnson was functioning at the second grade level in reading, the third grade level in spelling, and the fifth grade level in arithmetic. Additionally, Dr. Kurland stated that Ms. Johnson likely had a verbal cognitive processing problem which had never been dealt with and that she functioned at the extremely low performance level in verbal tasks and average in nonverbal tasks. *See* Exhibit 6F (Tr. 212). The ALJ noted Dr. Kurland's testing in his decision, but never discussed whether Ms. Johnson's borderline intellectual functioning constituted a severe impairment. (Tr. 20).

The findings of Dr. Gikic and Dr. Kurland support Claimant's allegations that her rheumatoid arthritis and BIF impacted her ability to perform work, but they were not discussed by the ALJ at step two of his decision. This was improper in light of SSR 96-8p. Errors such as those which occurred at step two in this case inevitably infect the ALJ's analysis at the subsequent steps. Therefore, I am unable to determine without speculation whether the ALJ considered or simply overlooked these additional impairments at any step of the sequential evaluation. The Court cannot determine whether findings are supported by substantial evidence unless the agency clearly indicates the weight given all the relevant evidence. *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984) *see also* SSR 96-8p.

Furthermore, the ALJ failed to discuss all the evidence with respect to Ms. Johnson's mental RFC. The ALJ stated that she could perform "simple work related tasks with minimal interaction with others." (Tr. 18). This was not an adequate assessment. *Hilton v. Barnhart* 2006 WL 4046076 (D. Kan.) citing *Wiederholt v. Barnhart,* 121 Fed. Appx. 833 (10th Cir. 2005)(the relatively broad unspecified nature of the description "simple" does not adequately incorporate the more specific findings required).

Equally important is the ALJ's failure to discuss what weight he accorded the Mental Residual Functional Capacity Assessment completed by the state agency physician, Dr. Evelyn Edmunds. *See* Exhibit 9-F (Tr. 21, 322-323). On June 22, 2006, Dr. Edmunds reviewed Ms. Johnson's records and stated that Ms. Johnson was "moderately" limited in her abilities to:
    1) understand and remember detailed instructions;
    2) carry out detailed instructions;
    3) maintain attention and concentration for extended periods;
    4) work in coordination with or proximity to others without being distracted by them;
    5) complete a normal work-day without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;
    6) accept instructions from and respond appropriately to criticism from supervisors; and
    7) respond appropriately to changes in the work setting.
See Exhibit 9-F (Tr. 232-233).

The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. SSR 96-8p (1996 WL 374184, *7) (S.S.A.))(emphasis added). The ALJ summarized Dr. Edmunds report but he did not discuss how it was weighed in determining Claimant's RFC. (Tr. 21). All limits on work related activities resulting from the mental impairment must be described in the mental RFC assessment. SSR 85-16 *Residual Functional Capacity for Mental Impairments* (1985 WL 56855, *2) (S.S.A.)). The moderate limitations found by Dr. Edmunds are clearly relevant to unskilled work, but how this evidence was considered was not discussed by the ALJ in his decision. In fact when these precise limitations were included in the hypothetical presented to the VE, the VE stated no competitive work existed for such an

4

individual who had the limitations referred to in Exhibit 9-F.(Tr. 21, 573).  The ALJ failed to explain whether, and/or why, he was discrediting the VE's testimony in response to questions that included the detailed assessment of "moderate" mental limitations in seven different areas. (Tr. 23-23, 232-233, 573). Since Dr. Edmunds' report was not adequately discussed by the ALJ--and since the ALJ did not perform the function-by-function assessment described in SSR 96-8p[5]—and the VE's testimony that a person with the same limitations as those found by Dr. Edmunds was not discredited the undersigned has no way of knowing whether the ALJ properly considered this evidence and consequently whether this evidence supports, or conflicts with, the ALJ's finding regarding Ms. Johnson's RFC and her ability to perform work.

Thus, for the reasons given, this Court GRANTS Ms. Johnson's Alternative Motion for Remand and DENIES the Commissioner's Motion for Summary Judgment.  A separate Order shall issue.

_____/s/_____
Paul W. Grimm
United States Magistrate Judge

---

[5] SSR 96-8p, in relevant part, states: Initial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case.(1996 WL 374184, *3 (S.S.A.))

5